# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.   **CASE NO.: 3:10cr43/MCR**

**ERNEST MALLETY**
_____/

## ORDER OF COMMITMENT FOR PSYCHIATRIC EVALUATION

The defendant was convicted on August 25, 2010, of two counts of conspiracy involving the distribution of cocaine and the use of cellular telephone facilities in furtherance of the drug-trafficking crime and one count of possession of a firearm in furtherance of the drug-trafficking crime. The defendant's sentencing was scheduled for December 17, 2010; however, the court did not impose sentence on that date based on its review of the pre-sentence investigation report, through which the court learned for the first time that the defendant suffered a traumatic brain injury in 1970, diagnosed as a cerebral concussion, while serving in the U.S. Army. The defendant was recently evaluated by the Department of Veterans Affairs and determined to suffer from mild cognitive impairment due to his head injury, with reported findings of mild impairment of memory, attention, concentration, and executive functions. His VA impairment rating was raised to 100% on March 22, 2010.[1] Before sentencing, the court was not aware of any cognitive impairment of the defendant. Pursuant to 18 U.S.C. § 4241, the court now finds that there is reasonable cause to believe the defendant presently may be suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature of the

---

[1] Attached to this order is a sealed copy of the Department of Veterans Affairs' decision regarding the defendant's entitlement to an increased evaluation.

Case No.: 3:10cr43/MCR

proceedings against him or assist in his defense at sentencing.[2]  Neither party opposes this order.  Accordingly,

IT IS ORDERED:

1. Pursuant to 18 U.S.C. § 4247(b), the defendant is committed to the custody of the Attorney General or his designated representative for placement in a suitable facility for such period of time as needed to fulfill the requirements of this order but not to exceed thirty (30) days.  The statutory commitment period provided in 42 U.S.C. § 4247(b) shall not commence until the day the defendant arrives at the facility for evaluation.

2. This examination shall be conducted as soon as practicable upon arrival at the facility.

3. The appropriate authorities of the facility shall render as soon as practicable a written report with respect to the matters set forth above.  The report shall be filed with this court, with copies to the attorneys for the defendant and the government, and shall include:

    a. The defendant's history and present symptoms;

    b. A description of the psychiatric, psychological, and medical tests that were employed and their results;

    c. The examiner's findings; and

    d. The examiner's opinions as to diagnosis, prognosis, and whether the defendant suffers from a mental disease or defect to the extent that he is unable to understand the nature of the sentencing process or assist properly in preparing for his sentencing.

4. The United States Marshal is directed to immediately report the designation made by the Bureau of Prisons and transport the defendant to the designated facility at the

---

[2] This order is made *sua sponte* for the reasons stated at the sentencing hearing.

Case No.: 3:10cr43/MCR

earliest possible time and in the most expeditious manner for this evaluation.

SO ORDERED this 22nd day of December, 2010.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**